IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW L. SISSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 05-491-WDS |
| | ) |
| HARLEY LAPPIN, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Several motions are pending in this action; first are Plaintiff's two motions to supplement his pleadings (Doc. 8, 12). In his first motion, he seeks to substitute Brian A. Bledsoe for Randy Davis, as Davis is no longer warden at Marion. However, the allegations against Davis in the complaint are based upon actions or inactions that Davis undertook; thus, it would be inappropriate to substitute Bledsoe in those claims, as Bledsoe had no personal involvement in decisions made by Davis. Therefore, the motion to supplement (Doc. 8) is **DENIED**.

In his second motion (Doc. 12), Plaintiff wishes to add R. Wiley, the warden at U.S.P. Florence, where he is currently incarcerated. The stated reason for this addition is due to Plaintiff's request for declaratory and injunctive relief. Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be freely given when justice so requires." However, in this District,

> [t]he original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted. All new material shall be underlined. It is sufficient to simply underline the names of new

>parties the first place they appear in amended pleadings. Similarly, when new claims or defenses are raised by amendment, it is sufficient that the number of the designated count or paragraphs identifying the amendments be underlined.

Local Rule 15.1; *see* FED.R.CIV.P. 15. Plaintiff has not submitted a copy of his proposed amended complaint that contains *all* allegations against *each* Defendant; therefore, this motion to supplement (Doc. 12) is **DENIED** without prejudice.

Also before the Court is Plaintiff's motion for the return of property, or for appointment of counsel (Doc. 11). The property in question – numerous photographs confiscated and later subpoenaed by the United States Attorney – has no relation to the subject matter of this action (the confiscation of two art books); therefore, the request for return of that property is **DENIED**. As for his request for appointment of counsel, until the Court has completed a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, this request is premature. Therefore, the motion for appointment of counsel is **DENIED**.

Finally, Plaintiff has filed a motion to protect exhibits (Doc. 14). In this motion, he claims that Warden Wiley will not allow him to have the confiscated art books mailed to the court. Rather, as indicated by an exhibit attached to this motion, Plaintiff was directed to provide an address and postage in order to mail those books to a family member by the end of the year. The Court finds that the Warden's proposal was reasonable, particularly since the Court does not have the space to store exhibits for all cases currently pending. Accordingly, this motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   March 23, 2007.**

                                          **s/ WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**