## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANDREW L. SISSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-491-WDS** |
| | ) | |
| **HARLEY LAPPIN, RANDY J. DAVIS,** | ) | |
| **R. RAU and D.E. ALLEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, formerly an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions

of this action are legally frivolous and thus subject to summary dismissal.

In this action, Plaintiff states that he ordered two art books, both of which featured a

significant amount of female nudity.  When those books arrived and were screened by Defendant

Allen, he found that they were in violation of B.O.P. policy due to their content.  Defendant Rau

later agreed with Allen's decision, and Plaintiff's grievances over this matter were denied at each

level.

> The Ensign Amendment, originally enacted as part of the Omnibus
> Consolidated Appropriations Act of 1997, prohibits the use of funds
> appropriated for the United States Bureau of Prisons (the "BOP") to
> "distribute or make available any commercially published
> information or material to a prisoner ⋯ [when] such information or
> material is sexually explicit or features nudity."  Pub.L. No. 104-208,
> § 614, 110 Stat. 3009-66 (1996).  The amendment has been reenacted
> in each subsequent appropriations act, and is now codified at 28
> U.S.C. § 530C(b)(6).  An implementing regulation promulgated by
> the BOP defines the key terms of the amendment as follows:
> "sexually explicit" means "a pictorial depiction of actual or simulated
> sexual acts including sexual intercourse, oral sex, or masturbation";
> "features" means that the publication in question "contains depictions
> of nudity or sexually explicit conduct on a routine or regular basis or
> promotes itself based upon such depictions in the case of individual
> one-time issues"; and "nudity" means "a pictorial depiction where
> genitalia or female breasts are exposed."  28 C.F.R. § 540.72(b).  The
> definition of "features" includes an exception for material that
> contains nudity "illustrative of medical, educational, or
> anthropological content."  *Id.*  As examples of publications that do
> not "feature nudity," a 1996 program statement released by the BOP
> cites *National Geographic*, *Our Body, Our Selves*, the swimsuit issue
> of *Sports Illustrated*, and the Victoria's Secret catalog.  Fed. Bureau
> of Prisons Program Statement 5266.07 (Nov. 1, 1996). The
> regulations are clearly targeted to the receipt by inmates of softcore
> and hardcore pornography.

*Ramirez v. Pugh*, 379 F.3d 122, 124-25 (3rd Cir. 2004).  *See also Amatel v. Reno*, 156 F.3d 192 (D.C.

Cir. 1998).

In this action, Plaintiff argues that the art books qualify as educational materials, and to be denied access to these books that he purchased with his own funds constitutes a violation of his constitutional rights under the First and Fifth Amendments.  He claims that Allen and Rau violated his rights by denying him access to these books.  He further claims that Davis is liable tor delegating matters to Rau, who was Acting Warden at the time, for failing to properly train his employees, and for failing to review the books.  Finally, he claims that Lappin is liable for promulgating B.O.P. policies that conflict with the Constitution.  As relief, Plaintiff seeks a declaratory judgment that the program statement, as well as its related statutes, are unconstitutionally broad and vague.  He also seeks an injunction directing that inmates be allowed to possess art books such as the two he ordered, and that the warden be personally responsible for determining which publications are admitted or rejected.  Finally, he seeks compensatory damages in an unspecified amount.

The Court notes that the regulations in question have been upheld on their face by at least two different circuits. *Ramirez*, 379 F.3d at124-25; *Amatel*, 156 F.3d 192.  In each case, though, the matter was remanded for further findings regarding the specific publications at issue.  Therefore, the Court cannot find that Lappin is liable for the rejection of Plaintiff's two books; that decision was made without his personal involvement and, as noted, the Court agrees that the regulations, on their face, do not violate the Constitution.

**IT IS HEREBY ORDERED** that Defendant **LAPPIN** is **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **DAVIS**, **RAU** and **ALLEN**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff,

and sufficient copies of the complaint, including copies for the United States Attorney and the

Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of

Civil Procedure, to serve process on  Defendants **DAVIS**, **RAU** and **ALLEN** in the manner

specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, *and* on the United States Attorney

for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C.,

pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  All costs of service shall be advanced

by the United States.  For purposes of computing the passage of time under Rule 4(d)(2), the Court

and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285

form.

With respect to former employees of Bureau of Prisons who no longer can be found at the

work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the

defendant's last-known address upon issuance of a court order which states that the information shall

be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and

any documentation of the address shall be retained only by the Marshal.  Address information

obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor

disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for

waivers of service that are returned as undelivered as soon as they are received.  If a waiver of

service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the

request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet
  returned a waiver of service; the Clerk shall then prepare such summons as

requested.

● Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

● Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

   **IT IS SO ORDERED.**

   **DATED:   March 23, 2007.**


                                        **s/ WILLIAM D.  STIEHL**
                                        **DISTRICT JUDGE**