IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDREW L. SISSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )     **CIVIL NO. 05-491-WDS** |
| | ) |
| **HARLEY LAPPIN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Two motions are pending in this action. The Court will first consider Plaintiff's most recent motion (Doc. 22), filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff asserts that the Court was incorrect in relying on *Ramirez v. Pugh*, 379 F.3d 122 (3rd Cir. 2004) and *Amatel v. Reno*, 156 F.3d 192 (D.C. Cir. 1998) to support its finding that the statute in question is facially valid. This argument does not suggest clerical mistake;

instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented an argument warranting relief under Rule 60(b), and the instant motion is **DENIED**.

Plaintiff's other motion (Doc. 21), was filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A motion to alter or amend judgment may only be granted if movant shows there was mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

In this motion, Plaintiff argues that the Court should not have dismissed Defendant Lappin from this action. He first states that he did, in fact, allege facts against Lappin regarding his personal involvement in not allowing Plaintiff access to the art books. He next argues that Lappin should also remain a defendant in his official capacity, so that any prospective injunctive relief may be enforced within the Bureau of Prisons, regardless of where Plaintiff is transferred. Upon review of the record, the Court agrees with Plaintiff as to his claim against Lappin with regard to his involvement in denying access to the art books only. Therefore, the instant motion is **GRANTED** in part and **DENIED** in part. Defendant Lappin is **REINSTATED** as a defendant in this action, but *only in his individual capacity,* with respect to the claims involving Plaintiff's access to art books. The Court **DENIES** that part of Plaintiff's motion that seeks reinstatement of Lappin in his official capacity.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **LAPPIN**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the

United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **LAPPIN** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, *and* on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(I) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©.

- Within ten days after personal service is effected, the United States Marshal shall file

the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©, *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED:   May 21, 2007.**

s/ WILLIAM D. STIEHL<br>DISTRICT JUDGE